IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40016
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LEE SIMMONS, JR.,

Defendant-Appellant.

-------------------------------

_____

No. 99-40193
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREA EMEARY SIMMONS,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CR-67-1
- - - - - - - - - -
March 15, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Codefendants-appellants Tommy Lee Simmons, Jr., and Andrea
Emeary Simmons, husband and wife, appeal their convictions and
sentences for several offenses involving drug-trafficking and
fraud.

_____

    *  Pursuant to 5th Cir. Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. Rule
47.5.4.

Andrea Simmons argues that the evidence was insufficient to support her convictions for conspiracy to commit bank fraud (in violation of 18 U.S.C. §§ 371 and 1344), conspiracy to distribute cocaine base (in violation of 21 U.S.C. § 846), possession of forged securities (in violation of 18 U.S.C. § 513(a), and two counts of using a false Social Security number (in violation of 42 U.S.C. § 407(a)(7)(B)).  She moved for a judgment of acquittal as to only the drug-trafficking-conspiracy and one of the false-Social-Security-number counts.  We have reviewed the sufficiency of the evidence to support these convictions to determine whether any rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942).  The evidence amply showed that Andrea conspired with her husband Tommy to distribute crack cocaine and that she provided a false Social Security number on several automobile-financing documents.  That the Government did not show that Andrea provided such a number on the exact date alleged in the indictment is not fatal to such conviction.  See United States v. Powers, 168 F.3d 741, 746 (5th Cir.), cert. denied, 120 S. Ct. 360 (1999).

Because Andrea Simmons did not move for a judgment of acquittal as to the bank-fraud conspiracy, possession-of-forged-securities, and the second of the false-Social-Security-number counts, the sufficiency of the evidence supporting these counts is reviewed only for plain error, meaning that this court will reverse the conviction only to avoid a "manifest miscarriage of

justice." See United States v. Parker, 133 F.3d 322, 328 (5th Cir.), cert. denied, 523 U.S. 1142 (1998). The evidence was sufficient to support her convictions of these counts, however, even under the Jackson standard.

Both Tommy and Andrea Simmons contend that the district court erred in excluding from evidence a prior felony-escape conviction of crucial Government witness Kenneth King; the appellants wished to use the conviction to attack King's credibility. Both appellants contend that such conviction was admissible pursuant to FED. R. EVID. 609(a)(2). The escape conviction was not admissible under Rule 609(a)(2) because it was not a crime involving "dishonesty or false statement." With respect to Rule 609(a)(1), the district court did not abuse its discretion in excluding the conviction, because a wealth of other evidence that included King's convictions for other offenses was available upon which to attack King's trustworthiness. See United States v. Anderson, 933 F.2d 1261, 1267-68 (5th Cir. 1991); FED. R. EVID. 403.

Finally, both appellants argue that the district court erred in attributing to each of them at least 150 grams of crack cocaine for sentencing purposes. The district court did not clearly err in approximating the quantity of crack sold by the appellants to several trial witnesses who testified regarding the drug-distribution conspiracy. United States v. Torres, 114 F.3d 520, 527 (5th cir. 1997); U.S.S.G. § 2D1.1, comment. (n.12) (when there is no drug seizure, the court may approximate the quantity).

AFFIRMED.